## McFADDEN and Another *v.* ROBISON.

SALE.—*False Representations.*—Complaint on a promissory note. Answer in several paragraphs, the third alleging that the note was obtained by fraud. Upon the trial, the court instructed the jury as follows: "The defendants in the third paragraph of their answer set up, in substance, that the note sued upon was obtained through the fraud and false representation of David W. Champer, the assignor of said note, in this, that the same was given in part consideration of a stock of dry goods purchased by defendants, McFaddens, of the said Champer; that said Champer at the time falsely represented said goods to have cost him five hundred dollars more than same did cost him; that defendants relying wholly on said representation, executed the note. You will inquire whether said assignor made said representation. If you find he did not, that would end your inquiry so far as this plea is concerned. Your finding, then, on this plea would be for plaintiff. But if you find he did make the representation, then you will inquire further whether said representation actually misled the defendants. If the goods were before the defendants, so that they could examine them and had the means at hand to ascertain the value of the goods, but negligently relied upon the said representation of said assignor, as to the value, then they could not maintain this defense."

*Held,* that this was error, because if the defendants could have seen and inspected the goods, it would not have enabled them to know or ascertain their cost.

APPEAL from the Wells Common Pleas.

PETTIT, C. J.—Appellee, as assignee of one Champer, brought suit against the appellants on a promissory note. The answer was in four paragraghs. First, Want of consideration. Second, Partial failure of consideration; that the note was given in part payment for a stock of dry goods, and that there were not so many goods as it was supposed there were and as represented to be. Third, That the note was obtained through the fraud and artifice of the payee of said note, in this, that defendants purchased of said payee a stock of dry goods, which the payee agreed to let defendants have at cost; that well knowing that defendants would rely upon the representations of said payee as to the cost of the same, and for the purpose of cheating and defrauding

defendants, he represented said goods to have cost him five hundred dollars more than the same did cost him; that defendants, relying wholly upon said representations, did execute said note in part consideration of the purchase-money of said stock of goods. Fourth, counter claim, that the payee agreed with defendants that in consideration of the sum of thirty-five hundred and seventy-five dollars, paid and to be paid by defendants, he would convey and transfer to them a stock of goods of the value of three thousand five hundred and seventy-five dollars; that in consideration thereof defendants paid said payee certain moneys and gave their certain promissory notes, one of which is the one sued upon; that said payee, disregarding his agreement, failed to convey and transfer a stock of goods of said value, but only of the value of two thousand five hundred dollars.

Reply of general denial was filed to all of these paragraphs. Trial by jury, and verdict for the plaintiff; motion for a new trial overruled, and exception; judgment on the verdict, and appeal to this court. The evidence is all in the record, and tends to prove both sides of the issues, but, we think, much stronger on the part of the plaintiff than the defendants. The only point made or presented in the appellants' brief, for a reversal, is the giving the instructions of the court to the jury, which are as follows:

"The defendants, in the third paragraph of their answer, set up, in substance, that the note sued on was obtained through the fraud and false representations of David W. Champer, the assignor of said note, in this, that the same was given in part consideration of a stock of dry goods purchased by defendants McFaddens of said Champer; that said Champer at the time falsely represented said goods to have cost him five hundred dollars more than the same did cost him; that defendants, relying wholly on said representation, executed the note. You will inquire whether said assignor made said representation. If you find he did not, that would end your inquiry, so far as this plea is concerned. Your finding, then, on this plea would be for

plaintiff; but if you find he did make the representation, then you will inquire further, whether said representation actually misled the defendants. If the goods were before the defendants so that they could examine them, and had the means at hand to ascertain the value of the goods, but negligently relied upon the said representation of said assignor as to the value, then they could not maintain this defense. If the jury do find the facts stated in the fourth paragraph of answer, still they are not to find for the defendants, if at the time that the representations in said answer mentioned were made, the defendants had the means of ascertaining the truth of the matter by diligent examination."

These instructions were all right and proper, except the first one to the third paragraph of the answer, which was erroneous. The third paragraph states "that the note was obtained through the fraud and artifice of the payee of said note, in this, that defendants purchased of said payee a stock of dry goods, which the payee agreed to let defendants have at cost; that well knowing that defendants would rely upon the representations of said payee as to the cost of the same, and for the purpose of cheating and defrauding the defendants, he did represent said goods to have cost him five hundred dollars more than the same did cost him; that defendants, relying wholly upon said representations, did execute said note in part consideration of the purchase-money of said stock of goods." The latter clause of the instruction upon this paragraph is, " if the goods were before the defendants so that they could examine them, and had the means at hand to ascertain the value of the goods, but negligently relied upon the said representations of said assignor as to the value, then they could not maintain this defense."

This was an erroneous instruction. The representations were, that the payee would let the defendants have a stock of goods at cost, but did not do so, taking five hundred dollars more than cost for them. If the goods had been before the defendants with full power and consent to learn, know,

and ascertain their full value, this would not have enabled them to know the cost of the goods, or to know whether they were purchasing them at cost.

· The judgment is reversed, at the costs of the appellee, with instructions for further proceedings not inconsistent with this opinion.

WORDEN, J., having been of counsel, was absent.

*J. L. Worden, J. Morris,* and *W. H. Wethers,* for appellants.